IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

LEON CRAWFORD AND
GERALD WHITE D/B/A/ WHITE FARMS                                                PLAINTIFFS

V.                                                         CIVIL ACTION NO. 3:22-cv-91-NBB-JMV

KEITH ALLEN VANDIVER,
JESSICA McQUEEN, PICKENS McQUEEN,
AND JOHN DOES 1-3                                                              DEFENDANTS

## MEMORANDUM OPINION

This cause comes before the court upon the plaintiffs' motion to remand and motion for remand-related discovery. Upon due consideration of the motions, responses, exhibits, and applicable authority, the court is ready to rule.

### Factual Background and Procedural Posture

This action arises from an accident that occurred on June 30, 2021, when plaintiff Leon Crawford was driving west on a two-lane highway near Marks, Mississippi, while operating a tractor owned by plaintiff Gerald White d/b/a White Farms. Crawford was pulling a bushhog cutter on the tractor. While Crawford was on a bridge, another vehicle driven by defendant Keith Allen Vandiver, traveling east, attempted to traverse the bridge at the same time as Crawford, allegedly causing a collision and injuries to Crawford and damages to White's tractor and equipment.

On April 28, 2022, the plaintiffs filed this action in the Circuit Court of Quitman County, Mississippi, against Vandiver and Jessica and Pickens McQueen, who the plaintiffs allege were the owners of the subject vehicle driven by Vandiver and are liable for the alleged damages caused by the accident on the basis of respondeat superior, vicarious liability, and broker-dealer liability. Vandiver timely removed the case to this court on May 24, 2022, invoking this court's

diversity jurisdiction and asserting that the McQueens, who are non-diverse defendants, were improperly joined, as allegedly there is no relationship between Vandiver and the McQueens. The plaintiffs subsequently filed the present motion to remand.

## Standard of Review

The Judiciary Act of 1789 provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Original federal diversity jurisdiction exists "where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between ... citizens of different States." 28 U.S.C. § 1332(a); *Addo v. Globe Life and Accident Ins. Co.*, 230 F.3d 759, 761 (5th Cir. 2000).

Once a motion to remand has been filed, the burden is on the removing party to establish that federal jurisdiction exists. *De Aguilar v. Boeing Company*, 47 F.3d 1404, 1412 (5th Cir. 1995), *superseded by statute on other grounds*. After removal of a case to federal court, the plaintiff may move for remand, and "[i]f it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). If the "defendant is able to show that the amount in controversy exceeds the jurisdictional amount, removal is proper, provided plaintiff has not shown that it is legally certain that his recovery will not exceed" the federal jurisdictional threshold. *De Aguilar*, 47 F.3d at 1412. The Fifth Circuit has held that the removal statutes are to be construed "strictly against removal and for remand." *Eastus v. Blue Bell Creameries, LP*, 97 F.3d 100, 106 (5th Cir. 1996); *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941).

Analysis

The plaintiffs move to remand, noting a discrepancy between the accident reports, which they contend is material to the question of improper joinder. The initial Mississippi Uniform Crash Report stated that the vehicle was owned by the McQueens at the time of the accident and also reflects a Mississippi license plate. The McQueens, however, later submitted an updated Mississippi Uniform Crash Report to counsel for the plaintiffs reflecting that the McQueens do not have ownership of the subject vehicle. The crash report continues to reflect a Mississippi license plate, however. The plaintiffs therefore move the court for remand-related discovery to clarify this matter in the event the court does not grant the plaintiffs' motion to remand.

Despite the apparent discrepancy, the court finds a resolution of the improper joinder question unnecessary in its ruling on the plaintiffs' motion to remand because the plaintiffs assert in their motion that they do not seek damages above this court's jurisdictional minimum of $75,000.00. In *Knox v. Nationstar Mortgage, LLC*, No. 3:07CV29-SA-AA, 2008 WL 2564655, at *2 (N.D. Miss. June 24, 2008), the plaintiffs' motion to remand asserted that the plaintiffs were not seeking relief in excess of $70,000.00 and would not amend their complaint to request more or accept a judgment for more. The district court found that the motion to remand had "the effect of a stipulation precluding the plaintiffs from increasing the *ad damnum* clause in state court [and that] [a]ccordingly, the plaintiffs are 'legally bound to accept less' than the federal jurisdictional amount." *Id.* (quoting *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335, n.14 (5th Cir. 1995)).

Accordingly, this court finds that the plaintiffs' motion to remand likewise has the effect of a stipulation limiting the plaintiffs from seeking more than the federal jurisdictional minimum of $75,000.00 in state court. The plaintiffs will be legally bound by this stipulation. Because the

3

court finds that the actual amount in controversy does not invoke diversity jurisdiction, the plaintiffs' motion to remand is well taken.

## Conclusion

For the foregoing reasons, the court finds that the plaintiffs' motion to remand is well taken and should be granted. The plaintiff's motion for remand-related discovery will be denied as moot. A separate order in accordance with this opinion will issue this day.

This 30th day of March, 2023.

                                          /s/ Neal Biggers
                                          NEAL B. BIGGERS, JR.
                                          UNITED STATES DISTRICT JUDGE